UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Florida Carpenters Regional Council Pension Plan,** *et al.*, | ) ) ) | **CASE NO.  12 CV 2001** |
| Plaintiffs, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **Eaton Corporation,** *et al.*, | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

### **INTRODUCTION**

This matter is before the Court upon Lead Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) for Alteration of or Relief from the Court's August 9, 2013 Order Dismissing the Complaint with Prejudice and Without the Right to Replead (Doc. 49). This is a securities fraud case.  For the reasons that follow, the motion is DENIED.

### **ANALYSIS**

Plaintiff argues that it is entitled to reconsideration of the Court's Order based on newly discovered evidence.  The Court will not recite the facts of this case.  According to

1

plaintiff, the recent lawsuit filed by former Eaton attorney O'Flaherty constitutes "newly discovered" evidence sufficient to warrant the filing of an amended complaint. Plaintiff argues that allegations contained in the O'Flaherty lawsuit demonstrate that Eaton intentionally and deliberately concealed documents from the Frisby court in 2008. Plaintiff claims that Eaton had an improper motive for terminating O'Flaherty and that these new allegations bear on scienter.

The Court rejects plaintiff's argument and finds that reconsideration is not warranted. As defendants point out, the Court dismissed plaintiff's complaint on the grounds that plaintiff failed to adequately plead scienter *and* causation. The firing of O'Flaherty has no bearing on the Court's determination regarding scienter. And, although plaintiff purports to point to "new" allegations in the proposed amended complaint that relate to causation, plaintiff makes no argument that these allegations amount to "newly discovered evidence.[1]" As such, even if the Court were to consider the lawsuit filed by O'Flaherty to be "newly discovered evidence," relief is not warranted as there is no "newly discovered evidence" related to causation.

Regardless, however, the Court finds that the additional allegations regarding the lawsuit filed by O'Flaherty are insufficient to warrant reconsideration. The Court previously held that plaintiff failed to sufficiently plead that Eaton engaged in the discovery abuses with

---

[1] The Court notes that this is not a motion for leave to amend the complaint. Rather, this case was dismissed by the Court in its entirety. Thus, plaintiff must satisfy the requirements of either Rule 59 or 60 before relief will be granted. As set forth herein, plaintiff fails in this regard. Regardless, even if the Court were to apply the more generous standard contained in Rule 15(a), the Court finds that an amendment would be futile.

the intent to defraud and deceive Eaton's shareholders. Nothing in the proposed complaint changes this conclusion. Accordingly, an amendment would be futile.

### **CONCLUSION**

For the foregoing reasons, Lead Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) for Alteration of or Relief from the Court's August 9, 2013 Order Dismissing the Complaint with Prejudice and Without the Right to Replead is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/16/13